Hector SALINAS; Mary Salinas, for Blanca Salinas, a minor, by and through her parents and next friends, Plaintiffs–Appellants,

v.

UNITED STATES of America, Defendant–Appellee.

No. 99–15405.

D.C. No. CV–97–00125–JMR.

United States Court of Appeals, Ninth Circuit.

Submitted May 18, 2001 *.

Decided May 22, 2001.

R.App. P. 34(a)(2).

Before O'SCANNLAIN, TASHIMA and THOMAS, Circuit Judges.

MEMORANDUM **

Salinas appeals the district court's grant of summary judgment in favor of the Unit-

ed States in her Federal Tort Claims Act action. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the procedural and factual history of the case, we will not recount it here.

 The district court did not err in determining that the agent's conduct did not present a foreseeable and unreasonable risk of harm. Arizona state law governs the duties owed by the officer in this case under the Federal Tort Claims Act. 28 U.S.C. § 1346(b)(1). Under Arizona law, "[t]he test for whether defendants' conduct was negligent is whether there was a foreseeable and unreasonable risk of harm from that conduct." *Rudolph v. Ariz. B.A.S.S. Fed.,* 182 Ariz. 622, 625, 898 P.2d 1000 (Ct.App.1995). The determination of what constitutes reasonable behavior is contextual: "a person confronted with a sudden emergency that deprives him of time to contemplate the best reaction cannot be held to the same standard of care and accuracy of choice as one who has time to deliberate." *Myhaver v. Knutson,* 189 Ariz. 286, 942 P.2d 445, 447 (1997).

Here, the hidden existence of the girl in a hidden casita was not reasonably foreseeable to an agent who encountered dogs at 3 a.m. in a large, unlighted vacant lot in the desert. It is undisputed that the casita was well-camouflaged by mesquite branches; that the occupants were silent; and that the agent did not see or hear any people during his confrontation with the dogs who were attacking him. As the district court noted, the agent fired his handgun away from the path of footprints he had been following, at a target low to the ground, with the nearest dwellings over 175 yards away. The plaintiff was sixty

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

feet away and concealed from view. Further, the force used was not, as a matter of law, excessive. It is undisputed that the agent discharged his weapon in an attempt to prevent serious bodily injury to himself.

Thus, the district court's grant of summary of judgment was entirely proper. We need not reach any other issue urged on appeal.

AFFIRMED.

TASHIMA, Circuit Judge, dissenting.

While I agree with the majority as to the test for negligence under Arizona law—whether there was a foreseeable and unreasonable risk of harm from defendant's conduct—I cannot agree with its application in this case. In effect, the majority has drawn all of the inferences in favor of the moving party in the summary judgment context. Thus, I respectfully dissent.

The Border Patrol agent was tracking suspected, undocumented aliens at 3:00 a.m. on a moonless night. This very activity would give rise to a reasonable inference that persons were in the vicinity. Although it may be logical that the aliens would ordinarily head for a pre-arranged pick-up point, once it became evident that they were being tracked, it would not be unusual, and very likely, that some of them may have attempted to hide in the bushes of the vacant lot. The government adduced expert testimony that the agent likely used the "point shoot" method to fire *above* the intended target of the crouching dog. In so aiming his handgun, the agent had no idea who or what lay beyond the dog in the dark of night. Given that aliens were known to be in the area, it was foreseeable that persons would be in the vicinity. That the casita was "well-camou-flaged" is of no consequence when one shoots into the dark of night where nothing can be seen. That the occupants of the casita were silent is also of no consequence—aliens attempting to hide from pursuing Border Patrol agents are unlikely to be boistrous or to expose themselves to plain view.

In these circumstances, whether shooting a handgun in the middle of a dark night, where nothing could be seen beyond the dog in the beam of a small flashlight, in an area where persons were known to be present, created a foreseeable and unreasonable risk of harm presents a question of fact for the trier of fact to decide. I thus would hold that it was error to grant summary judgment to the government.